UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GISELE REYES, JORDAN REYES, and BENJAMIN
HUNTER, Jr., infants, by their mother MICHELE
GARCIA, and MICHELE GARCIA, individually,

                 Plaintiffs,

       -against-

NICHOLAS SCOPPETTA, individually and as
Commissioner; ANTHONY AKINDURO, individually
and as caseworker; JANE ROE, individually and as
caseworker; GARY BRAUMAN, individually
and as supervisor; BONNIE LOWELL, individually
and as manager; JOHN DOE 1, individually
and as Police Officer; JOHN DOE 2, individually
and as Police Officer; HOWARD SAFIR, individually
and as Police Commissioner; and CITY OF NEW YORK,

                 Defendants.

------------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG - 5 2002 ★
CV-02
BROOKLYN OFFICE

CV "02" 4358

PLAINTIFFS DEMAND
TRIAL BY JURY

WEINSTEIN, J.

POLLAK, M.J.

       Plaintiffs, appearing by their attorneys Lansner & Kubitschek, complain of

defendants as follows:

## I. PRELIMINARY STATEMENT

    1.     This is a civil rights action, pursuant to 42 U.S.C. §1983, on behalf of a

victim of domestic violence and her children. In this action plaintiffs seek damages and

declaratory and injunctive relief to redress the deprivation, under color of state law, of rights

secured to them under the First, Fourth, and Fourteenth Amendments of the United States

Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York

law. Under the misnomer of "child protection," defendants routinely harass and terrorize victims

of domestic violence and their children, violating their fundamental rights.

## II. JURISDICTION

2.       Jurisdiction is conferred upon this court by 28 U.S.C. §1343, which

provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, and by 28

U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and

laws of the United States. The court has pendent jurisdiction over plaintiffs' state law claims.

## III. PARTIES

3.       Plaintiff Michele Garcia is the mother of infant plaintiffs Gisele Reyes,

born on December 27, 1986, Jordan Reyes, born on February 13, 1990, and Benjamin Hunter,

born on June 23, 1994.

4.       Defendant City of New York ("City") is a municipal corporation,

incorporated pursuant to the laws of the State of New York.  Defendant City's Administration for

Children's Services ("ACS") is authorized by New York State law to investigate complaints of

child abuse and neglect and to offer rehabilitative and preventive services to children and parents.

5.       Upon information and belief, from July 7, 1999, through December 1,

2001, defendant Nicholas Scoppetta was Commissioner of the Administration for Children's

Services ("ACS") of the City of New York, and is sued in his individual and official capacities.

6.       As Commissioner of ACS, defendant Scoppetta was responsible for

making and/or approving policies for ACS, including policies regarding the investigation of

alleged child abuse or maltreatment, the removal and detention of children from their families,

and the training and supervision of employees in ACS.

7.       As Commissioner of ACS, defendant Scoppetta is responsible for ACS's

compliance with the Constitution, statutes, regulations, and common law of the United States and

the State of New York.

2

8.      Upon information and belief, during the months of July, 1999, through December, 2001, defendant Anthony Akinduro was employed by the City of New York as a caseworker for ACS.

9.      Upon information and belief, from July, 1999, through September, 1999 defendant Jane Roe was employed by the City of New York as a caseworker for ACS.

10.     Upon information and belief, from July, 1999, through December, 2001, defendant Gary Brauman was employed by the City of New York as a supervisor for ACS.

11.     Upon information and belief, from July, 1999, through December, 2001, defendant Bonnie Lowell was employed by the City of New York as a manager for ACS.

12.     Upon information and belief, in August 1999, defendants Doe 1 and Doe 2 were employed by the City of New York as a police officer.

13.     Upon information and belief, during the month of August 1999, defendant Howard Safir was Commissioner of the New York Police Department ("NYPD") of the City of New York, and is sued in his individual and official capacities.

14.     As Commissioner of the NYPD, defendant Safir was responsible for making and/or approving policies for the NYPD, including policies investigation of domestic violence, the removal and detention of children from their families, and the training and supervision of employees in the NYPD.

15.     As Commissioner of the NYPD, defendant Safir was  responsible for the NYPD's compliance with the Constitution, statutes, regulations, and common law of the United States and the State of New York.

IV. FACTS

16.     In July, 1999, plaintiff was living together with her children, the infant

3

plaintiffs herein.

17. Benjamin Hunter, the father of infant plaintiff Benjamin, did not live with plaintiff.

18. On July 6, 1999, Benjamin Hunter came to plaintiff's home and assaulted plaintiff.

19. As a result of the assault, plaintiff was admitted to Bellevue Hospital, and was hospitalized for approximately 11 days.

20. Upon her release from the hospital, plaintiff left her apartment and took her children to live in a safe location, where Hunter could not find them.

21. Plaintiff also cooperated with the New York City Police Department and the District Attorney in the investigation, arrest, and prosecution of Hunter.

22. Upon information and belief, a report was made to the State Central Register of Child Abuse and Maltreatment that infant plaintiffs may have been neglected by Hunter as a result of the assault.

23. The report did not allege that plaintiff Michele Garcia had abused or neglected her children in any way.

24. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Akinduro to investigate said report.

25. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Brauman to supervise defendant Akinduro.

26. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Lowell to supervise defendant Brauman.

27. On August 27, 1999, defendants Akinduro, Roe, Brauman, Lowell, Doe 1,

4

and Doe 2 removed infant plaintiffs from the custody of their mother, plaintiff herein, and placed infant plaintiffs in foster care in the custody of defendant Scoppetta.

28.    When infant plaintiff Gisele Reyes asked defendant Akinduro why he was taking infant plaintiffs away from their mother, defendant Akinduro replied that he was doing so because plaintiff did not return his phone calls.

29.    Defendants Akinduro, Roe, Brauman, Lowell, Doe 1 and Doe 2 removed infant plaintiffs from plaintiff's custody without probable cause to believe that infant plaintiffs were in danger.

30.    Upon information and belief, on August, 27, 1999, defendants Scoppetta, Akinduro, Brauman, and Lowell commenced proceedings against plaintiff in the Family Court.

31.    Said defendants alleged that plaintiff was neglectful because she had been assaulted by Mr. Hunter in front of infant plaintiffs and because she had failed to cooperate with services. Said allegations were false and misleading; and defendants Scoppetta, Akinduro, Brauman, and Lowell knew or should have known that the allegations were false and misleading.

32.    Upon information and belief, on August 27, 1999, defendants Scoppetta, Akinduro, Brauman, and Lowell sought and obtained an order from the Family Court, authorizing defendants to retain custody of infant plaintiffs.

33.    On September 15, 1999, pursuant to an order of the Family Court, defendants released infant plaintiffs to the custody of their mother. the plaintiff.

34.    Even after releasing the infant plaintiffs to plaintiff, defendants Scoppetta, Lowell, Brauman, and Akinduro continued to prosecute the plaintiff in the Family Court and on appeal.

35.    Upon information and belief, the actions of defendants Akinduro,

5

Brauman and Lowell were under the supervision, direction, and tacit approval of defendant Scoppetta.

## V. FIRST CAUSE OF ACTION

36.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 36.

37.     Upon information and belief, defendants City, Scoppetta, and Safir have a policy of removing and detaining children from mothers who are victims of domestic violence without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, without due process of law, and based upon constitutionally inadequate investigations.

38.     Acting pursuant to said policy, without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, without due process of law, and based upon a constitutionally inadequate investigation, defendants Akinduro, Roe, Brauman, Lowell, Doe 1 and Doe 2 removed infant plaintiffs from plaintiff's custody.

39.     Acting pursuant to said policy, without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, without due process of law, and based on a constitutionally inadequate investigation, defendants detained infant plaintiffs in government custody for nearly three weeks.

40.     Said policy, and the removal and detention effectuated pursuant to said policy, constituted an unlawful interference with plaintiff's liberty interest in the care and custody of her children, the infant plaintiffs herein, in violation of the First and Fourteenth Amendments to the United States Constitution. Said policy, and its implementation, were gross deviations from acceptable professional conduct.

6

41.     As a result of the defendants' policy and its implementation, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered loss of liberty and loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

42.     In the alternative, defendants City, Scoppetta, and Safir failed to adopt policies requiring their employees to remove children only if they had probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, only if they provided due process of law to children and parents, and only if they had investigated to determine said factors. Defendants City, Scoppetta, and Safir knew or should have known that said failure would cause defendants' agents and employees to remove and detain children without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43.     Defendants City, Safir and Scoppetta knew or should have known that their failure to adopt a policy regarding the removal of children from their parents would cause defendants' agents and employees to violate children's and parents' rights to live together as a family without state intervention, contrary to the First and Fourteenth Amendments to the United States Constitution.

44.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and

7

depression.

## VI. SECOND CAUSE OF ACTION

45.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 45.

46.    Defendants City and Scoppetta provided grossly inadequate and unprofessional training and supervision to their agents and employees regarding:

a. investigating child abuse and neglect cases involving mothers who are victims of domestic violence;

b. determining whether there exists probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, in order to remove or detain children whose mothers are domestic violence victims;

c. the provision of notice and an opportunity to be heard prior to the removal of children; and

d. the constitutional rights of parents and children in child welfare investigations.

47.    Defendants City and Scoppetta knew or should have known that their employees were improperly trained and supervised in said issues.

48.    Defendants City and Scoppetta knew or should have known that their employees would confront said issues in their work and that, without training, would make the wrong decisions on said issues.

49.    By reason of their lack of training, defendants Akinduro, Roe, Brauman and Lowell improperly removed the infant plaintiffs from the custody of plaintiff.

50.    By reason of their lack of training, defendants Akinduro, Brauman and Lowell detained infant plaintiffs from plaintiff for nearly one month without adequate notice to

plaintiff, without adequate investigation, without probable cause, and without due process of law.

51.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VII. THIRD CAUSE OF ACTION

52.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 52.

53.     By removing and detaining the infant plaintiffs from plaintiff, defendants unlawfully interfered with plaintiff's custody of her minor children.

54.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VIII. FOURTH CAUSE OF ACTION

55.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 55..

56.     By removing and detaining the infant plaintiffs, defendants unlawfully imprisoned said infant plaintiffs.

57.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and

depression.

## IX. FIFTH CAUSE OF ACTION

58.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 58.

59.    Prior to August 1999, defendants City and Safir knew or should have known that:

a. New York police officers were routinely failing to arrest perpetrators of domestic violence;

b. New York police officers routinely removed children from the custody of mothers who are victims of domestic violence without probable cause and without due process of law;

c. New York police officers routinely took children into government custody without probable cause to believe that they were in danger.

60.    Defendants City and Safir, however, maintained a policy of deliberate indifference to the aforementioned violations, and failed to develop or implement training programs to resolve the aforementioned violations.

61.    Defendants City and Safir knew or should have known that their failure to provide adequate training would cause said violations of constitutional rights to continue.

62.    In failing to provide adequate training to their police officers, defendants City and Safir were deliberately indifferent to the constitutional rights of New Yorkers who interact with police officers

63.    As a result of the defendants' actions, plaintiff suffered the loss of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered

10

extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## XI. SIXTH CAUSE OF ACTION

64.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 64.

65.     All of the defendants had a duty to act with reasonable care toward plaintiffs and with the highest degree of care toward the infant plaintiffs.

66.     Defendants' removal and detention of the infant plaintiffs constituted gross breaches of said duty and gross deviations from accepted professional standards.

67.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, lost wages and incurred expenses; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

WHEREFORE plaintiffs respectfully request that judgment be entered:

1. Declaring that defendants' removal and detention of infant plaintiffs from the plaintiff was unconstitutional; and

2. Enjoining defendants from removing and detaining infant plaintiffs from the plaintiff solely or primarily because plaintiff was a victim of domestic violence, i.e., without probable cause to believe that continuing in the care of plaintiff presents an imminent danger to the infant plaintiffs' life or health; and

3. Declaring that defendants' policy or practice of shifting the burden to the plaintiff to prove that she will not be battered in the future is unconstitutional; and

4. Enjoining defendants from shifting the burden to the plaintiff to prove that she will not be battered in the future; and

11

5. Awarding plaintiff and the infant plaintiffs full and fair compensatory damages as decided by the jury; and

6. Awarding plaintiff and the infant plaintiffs full and fair punitive damages as decided by the jury; and

7. Awarding plaintiff and the infant plaintiffs interest from August 27, 1999; and

8. Awarding plaintiff and the infant plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988; and

9. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 5, 2002

CAROLYN A. KUBITSCHEK (CK6415)
LANSNER & KUBITSCHEK
Attorney for Plaintiffs
325 Broadway
New York, New York  10007
(212) 349-0900

12